RAWLINS v AETNA CASUALTY & SURETY COMPANY

Docket No. 78-3226. Submitted June 11, 1979, at Lansing.—Decided September 5, 1979.

Eileen Rawlins' husband died as a result of an automobile accident which occurred in the State of Texas on April 27, 1974. Only the decedent's automobile was involved in the accident. At the time of the accident Mrs. Rawlins and her two minor children were domiciled and residing in the State of Michigan. On September 16, 1976, Eileen Rawlins, individually and as the next friend of Cynthia Blair, and Sheryl Blair commenced an action against Aetna Casualty & Surety Company seeking survivor's loss benefits, under a no-fault automobile insurance policy covering an automobile owned and operated by plaintiff, Eileen Rawlins. The first written notice of a claim for benefits under the no-fault policy was given to the defendant on or about July 19, 1976. Sheryl Blair and Cynthia Blair were born on March 10, 1958, and September 12, 1960, respectively.

The defendant's motion for summary judgment, based on the one-year limitation period in the no-fault act, was granted by the Ingham Circuit Court, James T. Kallman, J. The plaintiff appeals, alleging, among other things, that the saving provisions of the Revised Judicature Act apply to causes of actions under the no-fault act and that, therefore, the one-year limitation period of the no-fault act did not bar the action of the minor children. *Held:*

1. The general saving provisions of the Revised Judicature Act apply to causes of action under the no-fault act. The minor children had one year after reaching majority to bring an action to recover survivor's loss benefits. Thus, since one was still a minor when the action was commenced and the other had reached majority less than one year prior to commencement of the action, the lower court improperly granted acceler-

REFERENCES FOR POINTS IN HEADNOTES
[1] 44 Am Jur 2d, Insurance § 1455.
 51 Am Jur 2d, Limitation of Actions § 17.
[2] New Topic Service Am Jur 2d, No-Fault Insurance § 9.
[3] 51 Am Jur 2d, Limitation of Actions § 59.

ated judgment for the defendant with respect to Cynthia and Sheryl Blair.

2. The cause of action of Eileen Rawlins is barred by the one-year limitation period even though the losses sought to be recovered were not all incurred within one year of the accident.

3. The limitation provision of the no-fault act does not constitute a violation of equal protection of the law.

Reversed as to the plaintiffs Cynthia and Sheryl Blair and remanded for trial. Affirmed as to plaintiff Eileen Rawlins.

1. INSURANCE — NOTICE — LIMITATION OF ACTIONS — STATUTES.

Notice provisions in insurance policies have different objectives than statutes of limitation; notice provisions are designed, *inter alia,* to provide time to investigate and to appropriate funds for settlement purposes; statutes of limitation are intended to prevent stale claims and to put an end to fear of litigation.

2. INSURANCE — AUTOMOBILES — NO-FAULT INSURANCE — PERSONAL PROTECTION BENEFITS — ONE-YEAR PERIOD — LIMITATION OF ACTIONS — STATUTES.

A portion of the no-fault automobile insurance act which provides that certain actions for recovery of personal protection benefits for accidental bodily injury or death may not be commenced later than one year after the date of the accident causing the injury or death, unless written notice of the claim has been given to the insurer within one year after the accident, or unless the insurer has previously made a payment of benefits for the injury or death, is a one-year statute of limitations with a provision enabling claimants to extend the period for up to one additional year by giving notice; therefore, where a plaintiff neither filed a complaint, nor gave notice, nor received payments within the one-year period, the plaintiff was barred from later presenting her claim and a defendant's motion for accelerated judgment should have been granted (MCL 500.3145[1]; MSA 24.13145[1]).

3. LIMITATION OF ACTIONS — SAVING PROVISIONS — MINORS — RE-VISED JUDICATURE ACT — INSURANCE — NO-FAULT — STATUTES.

The general saving provisions of the Revised Judicature Act apply to causes of action created by Michigan statutes; thus, the minority saving provision in the Revised Judicature Act extends the time for minors to bring suit under the no-fault automobile insurance act, which contains its own statute of limitations (MCL 500.3145, 600.5851; MSA 24.13145, 27A.5851).

*Church, Wyble, Kritselis, Anderson & Robinson, P.C.* (by *Thomas H. Hay*), for plaintiffs.

*Foster, Swift, Collins & Coey, P.C.* (by *Jonathan E. Raven*), for defendant.

Before: ALLEN, P.J., and T. M. BURNS and D. E. HOLBROOK,* JJ.

D. E. HOLBROOK, J. The instant action was brought by a surviving widow and her two children seeking survivor's loss benefits from their no-fault automobile insurer. Plaintiff Eileen Rawlins' husband died as a result of an automobile accident which occurred in the State of Texas on April 27, 1974. The accident was a one-car collision involving only the decedent's automobile. At the time of the accident plaintiff wife and her two minor children were domiciled and residing in the State of Michigan. Their complaint states that they were dependent upon the decedent for their support. Defendant was the insurer of a second automobile, owned and operated by the plaintiff wife.

Plaintiffs claim they were unaware of their rights under plaintiff Eileen Rawlins' policy with defendant and, therefore, did not make a claim for benefits thereunder until advised to do so by their attorney. The first written notice of claim for benefits under the policy of insurance was made to the defendant on or about July 19, 1976. The present action was filed on September 16, 1976.

Both daughters, Cynthia and Sheryl, were under the age of 18 years at the time of the accident and for more than the first year following the accident.

---

* Former Court of Appeals Judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

Cynthia was born September 12, 1960, and Sheryl was born March 10, 1958, according to the complaint.

Defendant filed a motion for accelerated judgment on the ground that the action was barred by the statutory limitation period contained in the no-fault statute, MCL 500.3145; MSA 24.13145. A hearing was held before the trial court on July 21, 1978. Plaintiffs, in their answer to the motion, argued that the limitation period was one of notice and not of limitation, and that it would be unfair and inequitable to defeat the claim of the minor children.

The trial court issued an opinion on July 27, 1978, finding that the actions were barred by the statutory limitations period and therefore granted the defendant's motion for accelerated judgment and dismissed the case.

Plaintiffs have filed an appeal of right from that order.

Plaintiffs raise three issues on appeal.

I. *Does the one-year limitation period provided for in MCL 500.3145 bar a minor's cause of action for recovery of survivors' loss benefits under the no fault act?*

It is plaintiffs' position on this issue that the minority provision of the Revised Judicature Act, MCL 600.5851; MSA 27A.5851, extends the time required to give notice or file a claim under the no-fault act's statutory limitation of one year, MCL 500.3145; MSA 24.13145, by giving minors a year of grace after the termination of their disability before requiring them either to give notice or file a claim.

It becomes necessary first to interpret the no-fault statute, specifically MCL 500.3145 which reads as follows:

"Sec. 3145. (1) An action for recovery of personal protection insurance benefits payable under this chapter for accidental bodily injury may not be commenced later than 1 year after the date of the accident causing the injury unless written notice of injury as provided herein has been given to the insurer within 1 year after the accident or unless the insurer has previously made a payment of personal protection insurance benefits for the injury. If the notice has been given or a payment has been made, the action may be commenced at any time within 1 year after the most recent allowable expense, work loss or survivor's loss has been incurred. However, the claimant may not recover benefits for any portion of the loss incurred more than one year before the date on which the action was commenced. The notice of injury required by this subsection may be given to the insurer or any of its authorized agents by a person claiming to be entitled to benefits therefor, or by someone in his behalf. The notice shall give the name and address of the claimant and indicate in ordinary language the name of the person injured and the time, place and nature of his injury."

In the case of *Davis v Farmers Ins Group,* 86 Mich App 45, 47-49; 272 NW2d 334 (1978), the plaintiff brought an action to recover benefits under a policy of insurance issued to him by defendant Farmers Insurance Group, for injuries sustained in a motorcycle accident. Defendant therein brought a motion for accelerated judgment under GCR 1963, 116.1(5), on the grounds that the claim was barred by the applicable statute of limitations. The trial court denied the motion and defendant therein appealed.

It was stated therein that the decision of the case depended upon an interpretation of MCL 500.3145(1); MSA 24.13145(1) and quoted the statute and then stated in part as follows:

"Plaintiff contends that the quoted section is not a

limitation of actions provision, but rather a notice provision and therefore constitutes a bar to this action only if defendant establishes that it was prejudiced by the lack of notice, citing *Carver v McKernan,* 390 Mich 96; 211 NW2d 24 (1973).

"We disagree. Notice provisions have different objectives than statutes of limitation. Notice provisions are designed, *inter alia,* to provide time to investigate and to appropriate funds for settlement purposes. Statutes of limitation are intended to prevent stale claims and to put an end to fear of litigation. *Dillon v Tamminga #1,* 64 Mich App 301; 236 NW2d 716 (1975).

"In *Dolson v Secretary of State,* 83 Mich App 596; 269 NW2d 239 (1978), we dealt with the time limitation for recovery of personal protection insurance benefits claimed through an assigned claims plan, embodied in MCL 500.3174; MSA 24.13174. The time limitation contained in that section is determined by applying MCL 500.3145(1); MSA 24.13145(1), which provision is involved in the instant case. We concluded in *Dolson* that the specific objective of the time limitation is to insure that claims be settled while the evidence remains fresh. This objective is characteristic of a statute of limitation.

"In the case at bar, the language of the statute was intended as a limitation on actions for personal benefits arising under the no-fault act, with a mechanism for extending the one-year period upon filing of notice within the year. There is no requirement that plaintiff file notice in order to be able to take advantage of the full statutory period. That he is entitled to in any case. Notice simply gives him the benefit of an additional year's grace.

\* \* \*

"Thus, we conclude that MCL 500.3145(1); MSA 24.13145(1) is a one-year statute of limitations, with a provision enabling claimants to extend the period for up to one additional year by giving notice. Plaintiff having neither filed a complaint nor given notice within the one-year period, is barred from now presenting his claim. The motion for accelerated judgment should have been granted."

We choose to follow *Davis* until our Supreme Court gives us a different interpretation. We are therefore constrained to rule as to the cause of action of Eileen Rawlins, that the statute of limitations in the no-fault statute is effective as applied to her.

We now proceed to determine if the statute of limitations in the act is subject to the minority provision of the Revised Judicature Act, MCL 600.5851; MSA 27A.5851, which reads as follows:

"Sec. 5851. (1) If the person first entitled to make an entry or bring an action is under 18 years of age, insane or imprisoned at the time his claim accrues, he or those claiming under him shall have 1 year after his disability is removed through death or otherwise, to make the entry or bring the action although the period of limitations has run. This section does not lessen the time provided for in section 5852."

The defendant argues that the limitation period set forth in the no-fault act is not affected by the minority savings provision of the Revised Judicature Act.

Plaintiff children argue that under the general statute of limitations provisions in the Revised Judicature Act, infancy is treated as a disability and minors are given a year of grace after termination of this disability in which to commence an action and that, applying this savings provision to the instant situation, the plaintiff-minors herein commenced an action for recovery of survivors' loss benefits within one year after reaching their majority. They further argue that this general savings provision then should fully apply to preserve the minors' cause of action under the no-fault statute.

The no-fault act contains its own statute of

limitations. We now look for a case that is similar, *i.e.,* involving a statute that contains its own statute of limitations and the issue is therein considered as to whether the general saving provisions of the Revised Judicature Act apply thereto.

The case of *Lambert v Calhoun,* 394 Mich 179; 229 NW2d 332 (1975), considers and rules on this issue. Therein Beverly Lambert through a representative, commenced an action for damages for personal injuries three years and two months from the date of the automobile accident. Lambert, who was a minor at the time the action accrued, relied on the minority saving provision in the Revised Judicature Act which permits commencement of an action within one year after removal of the disability although the period of limitations has run. Lambert's action was brought under the Motor Vehicle Accident Claims Act, which contains its own statute of limitations, MCL 257.1128; MSA 9.2828. The Secretary of State intervened as a party defendant. The trial court granted accelerated judgment for the Secretary of State.

Mr. Justice LEVIN, speaking for the Court, stated:

"Whether domestic statutes of limitations should govern enforcement of a right created by a foreign statute is manifestly a different question than whether general saving provisions of the forum extend the time for commencing an action to enforce a statutorily created right, especially a right created by the legislature of the forum.

"As noted by one commentator: 'Although the reasons for postponing the [limitation] period may be equally strong in this instance [of built-in limitations], the rule is nevertheless followed without attempt at reasoned justification'. In fact, if anything, 'at least when a state legislature creates a new right including its own limitations, there appears no general intent to

reject the usual exceptions. Where the limitation in question does not indicate that the legislative intent would be frustrated by the application of the particular statutory exception concerned, postponement or suspension of the period would probably further the general purpose of the legislature'.

"While conditional right analysis requires that statutory actions be commenced within any built-in time limitations unenlarged by general saving provisions, the question is one of legislative policy and intent.

"The intentions of at least two different legislatures are at issue. Conditional right analysis ascribed an absolutist intent to the foreign legislature which enacted the right sought to be enforced domestically. There is no need to ascribe a like intent to the domestic legislature regarding the application of domestic saving provisions to domestic enforcement of domestic statutory actions.

"There is scant reason to ascribe to a legislature an intent to distinguish between common-law and statutory causes of action in the application of saving provisions. This is especially without warrant in the application of domestic saving provisions to domestic statutory causes of action.

"The need and desirability for saving in one case are the same as in the other. Infants or insane persons are under the same disability whether their actions be common-law or statutory; the defendant in one case is generally in no greater need than the defendant in the other of protection from delay in commencement of the action. We are unable to distinguish the two cases or to ascribe to the Legislature such an intention.

"There is no basis for indulging the assumption that the Legislature, aware of our former decisions, adopted the conditional right analysis. *Bigelow v Otis* [267 Mich 409; 255 NW 270 (1934)], the first case to apply this analysis to saving provisions, was decided in 1916, after the enactment of the Judicature Act of 1915. The language of the saving provisions was, as previously indicated, changed in 1961 to cover 'any action' when the Revised Judicature Act was adopted. *Holland [v Eaton,* 373 Mich 34; 127 NW2d 892 (1964)], although

decided in 1964, arose under the 1915 Act. This is the first consideration by this Court of this question in terms of the saving provisions of the Revised Judicature Act.

"We hold that the general saving provisions of the Revised Judicature Act apply to causes of action created by Michigan statutes.

"Reversed and remanded for trial." 394 Mich 190-192.

The *Lambert* case and the instant case appear to us to be practically the same. We hold that the general saving provisions of the Revised Judicature Act apply to causes of action created under the no-fault statute, a Michigan statute.

We also note that our Court came to the same conclusion in considering the effect of the saving provisions of the Revised Judicature Act in applying it to the statute of limitations contained in the Probate Code. We refer to the case, *Rosebrock v Vondette,* 85 Mich App 416; 271 NW2d 257 (1978). It is also therein stated on page 423 as follows:

"A summary as to the practical effect of the above decision can be found in 22 Wayne L Rev:

" 'The result of *Lambert* was to overrule *Holland* and establish the rule that henceforth the minority savings provisions of the Revised Judicature Act applies *[sic]* to all statutorily created causes of action, as well as common law causes of action, even when the statute creating the right contains its own period of limitations.' Atkinson, *Torts,* 22 Wayne L Rev 629, 648 (1976)."

II. *Is plaintiff Eileen Rawlins' cause barred by § 3145, when the losses sought to be recovered were not all incurred within one year of the injury?*

Plaintiff did not raise this issue below. However, under the decision of our Court in *Dolson v Secretary of State,* 83 Mich App 596; 269 NW2d 239

(1978), plaintiff's position is not tenable, unless our Supreme Court speaks to the issue differently in the future.

III. *Does the limitation provision of § 3145 as interpreted by the trial court constitute a violation of equal protection of the law?*

This claim was likewise denied in the case of *Dolson v Secretary of State, supra.*

Reversed as to plaintiffs Cynthia and Sheryl Blair and remanded for trial. Affirmed as to plaintiff Eileen Rawlins. No costs, construction of statutes being involved.