GEIGER v DETROIT AUTOMOBILE INTER-INSURANCE
EXCHANGE

Docket No. 54940. Submitted January 6, 1982, at Lansing.—Decided
March 17, 1982. Leave to appeal applied for.

On May 15, 1975, plaintiff, James Geiger, was injured when the
motorcycle he was riding collided with an automobile. Plaintiff
was 16 years old at the time of the accident. He received
serious injuries which required extensive medical treatment. At
the time of the accident, plaintiff was living with his mother
and step-father, who had a policy of no-fault insurance with
defendant, Detroit Automobile Inter-Insurance Exchange. It is
undisputed that this policy contained provisions for no-fault
benefits which covered plaintiff for this accident. It is also
undisputed that the vast majority of medical expenses incurred
as a result of plaintiff's injuries were paid from other private
insurance sources. On March 20, 1977, plaintiff attained the
age of 18. On February 28, 1978, defendant was given the first
notification of this accident by means of a telephone call from
plaintiff's attorney. At that time, defendant denied the claim on
the basis that there was a one-year period of limitations. On
March 6, 1978, plaintiff filed an action in the Grand Traverse
Circuit Court to recover personal injury protection benefits,
including benefits for medical expenses and lost wages incurred
as a result of the injuries. Defendant made a motion for
accelerated or summary judgment claiming (1) that the action
was barred by the one-year limitations period, and (2) that
plaintiff had failed to state a cause of action because the
claimed medical expenses had actually been incurred, not by
plaintiff, but by his mother, who, as legal guardian, was legally
responsible for the expenses incurred in the medical treatment
of her minor child. The trial court denied defendant's motion.
Defendant conceded that the total amount of medical bills and
income losses resulting from the accident was $24,000. On

REFERENCES FOR POINTS IN HEADNOTES
[1] 7 Am Jur 2d, Automobile Insurance §§ 25, 348.
   Validity and construction of "no-fault" automobile insurance plans.
      43 ALR3d 229.
[2, 3] 7 Am Jur 2d, Automobile Insurance § 339.

November 3, 1980, the trial court, William R. Brown, J., granted plaintiff's motion for summary judgment in the amount of $24,000. Defendant appealed. *Held:*

1. The right to collect personal protection insurance benefits for expenses incurred as a result of an injury accrues to the injured party even where another person may be legally responsible for the expenses. The cause of action belonged to plaintiff.

2. The minority saving provision in the Revised Judicature Act extends the time for minors to bring suit under the no-fault automobile insurance act, which contains its own period of limitations.

3. The minority saving provision in the Revised Judicature Act applies to the "one year back" limitation on recovery for losses due to personal injury as well as to the one-year period of limitations embodied in the no-fault insurance act. Thus, plaintiff's recovery is not limited to recovery of losses accruing only within one year of filing suit.

Affirmed.

1. INSURANCE — NO-FAULT INSURANCE — PERSONAL PROTECTION BENEFITS.

The right to collect personal protection insurance benefits under the no-fault act for expenses incurred as a result of an injury accrues to the injured party even where another person may be legally responsible for the expenses (MCL 500.3112; MSA 24.13112).

2. LIMITATION OF ACTIONS — SAVING PROVISIONS — MINORS — NO-FAULT INSURANCE.

The general saving provisions of the Revised Judicature Act apply to causes of action created by Michigan statutes; thus, the minority saving provision in the Revised Judicature Act extends the time for minors to bring suit under the no-fault automobile insurance act, which contains its own period of limitations (MCL 500.3145, 600.5851; MSA 24.13145, 27A.5851).

3. LIMITATION OF ACTIONS — SAVING PROVISIONS — MINORS — NO-FAULT INSURANCE.

The minority saving provision in the Revised Judicature Act applies to the "one year back" limitation on recovery for losses due to personal injury as well as to the one-year period of limitations embodied in the no-fault insurance act; an insured who is injured during his minority and commences an action before his nineteenth birthday is entitled to collect personal protection benefits for expenses and losses incurred from the

date of the accident (MCL 500.3145, 600.5851; MSA 24.13145, 27A.5851).

*Lindsay & Lindsay,* for plaintiff.

*Williams, Coulter, Cunningham, Davison & Read* (by *George W. Beeby),* for defendant.

Before: M. F. CAVANAGH, P.J., and BRONSON and BEASLEY, JJ.

M. F. CAVANAGH, P.J. On May 15, 1975, plaintiff, James Geiger, was injured when the motorcycle he was riding collided with an automobile. Plaintiff was 16 years old at the time of the accident. He received serious injuries which required extensive medical treatment. At the time of the accident, plaintiff was living with his mother and step-father, who had a policy of no-fault insurance with defendant, Detroit Automobile Inter-Insurance Exchange. It is undisputed that this policy contained provisions for no-fault benefits which covered plaintiff for this accident. It is also undisputed that the vast majority of medical expenses incurred as a result of plaintiff's injuries were paid from other private insurance sources.

On March 20, 1977, plaintiff attained the age of 18 years. On February 28, 1978, defendant was given the first notification of this accident by means of a telephone call from plaintiff's attorney. At that time, defendant denied the claim on the basis that the one-year period of limitations set forth in MCL 500.3145; MSA 24.13145 had expired. On March 6, 1978, plaintiff filed this action to recover personal injury protection (PIP) benefits, including benefits for medical expenses and lost wages incurred as a result of the injuries. Defendant filed a motion for accelerated and/or sum-

mary judgment claiming (1) that the action was barred by the one-year limitations period in § 3145, and (2) that plaintiff had failed to state a cause of action because the claimed medical expenses had actually been incurred, not by plaintiff, but by his mother, who, as legal guardian, was legally responsible for the expenses incurred in the medical treatment of her minor child. Following a hearing, on May 12, 1978, the trial court entered an order denying defendant's motion.

On July 17, 1979, the trial court granted plaintiff's motion for partial summary judgment as to defendant's liability for PIP benefits.

On August 4, 1980, defendant conceded that the total amount of medical bills and income losses resulting from the accident was $24,000. On November 3, 1980, the trial court granted plaintiff's motion for further partial summary judgment, establishing defendant's liability for PIP benefits in the amount of $24,000. A final judgment to the same effect was entered November 14, 1980, and defendant appeals therefrom as of right.

Defendant first assigns error to the trial court's finding that plaintiff stated a valid cause of action. Defendant asserts that, since plaintiff was not legally responsible for medical expenses incurred during his minority, he cannot maintain a cause of action to recover PIP benefits for those expenses. According to defendant, the cause of action belongs to plaintiff's mother, who, as legal guardian, was legally responsible for the medical expenses. We disagree.

MCL 500.3112; MSA 24.13112, provides in part:

"Personal protection insurance benefits are payable to or for the benefit of an injured person or, in case of his death, to or for the benefit of his dependents."

This statute expressly confers a cause of action on the injured party to collect PIP benefits for expenses incurred as a result of his injury. We find no indication from the statute that the right to PIP benefits necessarily accrues to the person who is legally responsible for the expenses incurred as a result of the injury.

Defendant relies on *Walter v City of Flint,* 40 Mich App 613; 199 NW2d 264 (1972), and *Gumienny v Hess,* 285 Mich 411; 280 NW 809 (1938). These decisions hold that where a minor child incurs a wrongful injury, two distinct causes of action accrue, one in favor of the infant and one in favor of the parents for expenses and loss of services incurred as a result of the injury. However, these cases involved common-law tort actions, not actions for PIP benefits under a contract of no-fault insurance. Plaintiff's right of recovery is clearly governed by the insurance policy and the no-fault act, not common-law tort principles.

Even if we were to apply these decisions by analogy, they do not dictate the result urged by defendant in this case. In *Walter v City of Flint, supra,* the question was whether the saving provision of MCL 600.5851; MSA 27A.5851 extended the statute of limitations for the parents' action to recover expenses incurred as a result of a wrongful injury to their minor child. The Court examined the language of RJA § 5851, which provides that a person *claiming under* the disabled person may bring an action within one year after the disability is removed. The Court stated:

"The phrase 'claiming under' in subsection 1 refers to a person who stands in place of the person who first sustained an injury, and who seeks to maintain the injured person's claim in his stead. However, one who maintains a separate but related cause of action is not

'claiming under' the original injured person." 40 Mich App 613, 616.

In the present case, even if we view the right to recover PIP benefits for medical expenses incurred during an insured's minority as a separate cause of action belonging to the injured minor's parents, it is clear that the cause of action is derivative from the injured minor's rights under the insurance policy and the no-fault act. It is not an independent cause of action as was the case in *Walter v City of Flint, supra.* We conclude that the action was properly brought in the name of the injured party, James Geiger.

Defendant next contends that this action was barred by the one-year period of limitations in MCL 500.3145(1); MSA 24.13145(1). That statute provides, in part:

"An action for recovery of personal protection insurance benefits payable under this chapter for accidental bodily injury may not be commenced later than 1 year after the date of the accident causing the injury unless written notice of injury as provided herein has been given to the insurer within 1 year after the accident or unless the insurer has previously made a payment of personal protection insurance benefits for the injury. If the notice has been given or a payment has been made, the action may be commenced at any time within 1 year after the most recent allowable expense, work loss or survivor's loss has been incurred. However, the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced. The notice of injury required by this subsection may be given to the insurer or any of its authorized agents by a person claiming to be entitled to benefits therefor, or by someone in his behalf. The notice shall give the name and address of the claimant and indicate in ordinary language the

name of the person injured and the time, place and nature of his injury."

The minority saving provision in the Revised Judicature Act, MCL 600.5851(1); MSA 27A.5851(1), provides:

"If the person first entitled to make an entry or bring an action is under 18 years of age, insane or imprisoned at the time his claim accrues, he or those claiming under him shall have 1 year after his disability is removed through death or otherwise, to make the entry or bring the action although the period of limitations has run. This section does not lessen the time provided for in section 5852."

In *Lambert v Calhoun,* 394 Mich 179; 229 NW2d 332 (1975), the Supreme Court held that the minority saving provision applies to causes of action which are created by statute, even where the statute contains its own period of limitations.

In *Rawlins v Aetna Casualty & Surety Co,* 92 Mich App 268; 284 NW2d 782 (1979), this Court applied the *Lambert, supra,* rule and held that RJA § 5851 applies to the no-fault act. See also *Hartman v Ins Co of North America,* 106 Mich App 731, 743-744; 308 NW2d 625 (1981).

Defendant attempts to distinguish this authority by arguing that the present case involves a claim based not on the no-fault act but on James Geiger's mother's separate and independent right to recover for medical expenses incurred during her son's minority. For the reasons discussed above, we reject this contention and hold that *Rawlins, supra,* is controlling. We conclude that the action was timely filed under RJA § 5851, since it was commenced within one year after plaintiff attained the age of majority.

Defendant's next contention is that the trial court erred in granting judgment for the full amount of medical expenses incurred from the date of the accident. Defendant contends that under MCL 500.3145(1); MSA 24.13145(1), a claimant may not recover PIP benefits for any portion of the loss incurred more than one year prior to the date on which the action was commenced. Accordingly, defendant argues that plaintiff may recover PIP benefits only for expenses incurred from and after March 6, 1977.

The no-fault act, § 3145(1), does two things. First, it provides that an action to collect PIP benefits must be commenced within one year after the date of the accident. The period is tolled if a proper notice is given to the insurer within one year. Second, it provides that a claimant may not recover benefits for losses incurred more than one year before the date the action was commenced.

From the above discussion, we know that RJA § 5851 allows an insured who is injured during his minority to commence an action within one year after attaining the age of majority, notwithstanding that the one-year period of limitations in § 3145(1) has expired. The question under present consideration is whether RJA § 5851 allows that person to collect PIP benefits for all expenses and losses incurred from the date of the accident, notwithstanding that § 3145(1) generally precludes recovery for expenses and losses incurred more than one year prior to the date the action was commenced. Although this is apparently a question of first impression, we believe that the minority saving provision of RJA § 5851 should apply to the "one year back" rule of § 3145(1), as well as to the one-year period of limitations therein.

The purpose of the one-year period of limitations

is to encourage claimants or persons acting on their behalf to bring their claims to court while those claims are still fresh. *Burns v Auto-Owners Ins Co*, 88 Mich App 663; 279 NW2d 43 (1979), *Aldrich v Auto-Owners Ins Co*, 106 Mich App 83; 307 NW2d 736 (1981). The "one year back" portion of § 3145(1) has a similar policy.

In *Rawlins v Aetna Casualty & Surety Co, supra*, this Court held that RJA § 5851 applied to the one-year period of limitations in § 3145(1). The basis for the minority saving provision and the decision in *Rawlins* is that a person should not lose his claim during his minority, when he has no legal capacity to act on his own behalf. We believe that the *Rawlins* rule should also apply to the "one year back" portion of § 3145. A contrary rule would severely limit the utility of the minority saving provision and could deprive a person of benefits to which he would otherwise be rightfully entitled. In the present case, James Geiger, injured at the age of 16, incurred substantial medical expenses over the 2 years following the accident. He commenced this action approximately two weeks before his nineteenth birthday. Although his right to commence the action is preserved under *Rawlins, supra,* if we do not apply the minority saving provision to the "one year back" rule of § 3145, plaintiff would be effectively precluded from recovering PIP benefits for the medical expenses incurred during the two years immediately following the accident. In order to advance the policy of RJA § 5851 and *Rawlins, supra,* we conclude that an insured who is injured during his minority and commences an action before his nineteenth birthday is entitled to collect PIP benefits for expenses and losses incurred from the date of the accident.

The final matter which we must address is plaintiff's claim for attorney fees under MCL 500.3148(1); MSA 24.13148(1). The trial court denied the claim on the basis that defendant had not unreasonably refused to pay the claim for PIP benefits.

Since plaintiff has not filed a cross-appeal, we hold that the issue raised by plaintiff with regard to attorney fees is not properly before this Court. See *DAIIE v McMillan,* 97 Mich App 687, 696; 296 NW2d 147 (1980), GCR 1963, 807.

Affirmed.