EPPS v TRANSIT CASUALTY COMPANY

Docket No. 59015. Submitted May 5, 1982, at Lansing.—Decided
    September 1, 1982.

> Isaac J. Epps was injured while alighting from a bus and subse-
> quently died. More than two years later his son, A. Glenn Epps,
> was appointed personal representative of his father's estate. A
> claim for no-fault personal injury protection benefits was made
> to Transit Casualty Company, the insurer of the bus line. The
> claim was denied and Epps brought an action against the
> insurer for payment of the benefits. The Genesee Circuit Court,
> Philip C. Elliott, J., held that the one-year limitation period of
> the no-fault act precluded the collection of benefits for any
> losses sustained prior to one year before the commencement of
> the action and granted a partial accelerated jdgment in favor
> of the defendant with respect to those claims. Plaintiff appeals,
> and defendant cross-appeals, alleging that the complaint should
> have been dismissed because of a lack of notice to the insurer.
> *Held:*
>
> 1. The statutory tolling provision which preserves a right of
> action which survives by law when the party entitled to bring
> the action dies before doing so tolls the one-year limitation of
> the no-fault act. The trial court therefore erred in precluding
> the claims for earlier losses.
>
> 2. It is unnecessary to address the issue of notice raised on
> cross-appeal.
>
> Reversed and remanded.

LIMITATION OF ACTIONS — NO-FAULT INSURANCE — TOLLING PROVI-
    SIONS — DEATH.

> The statutory tolling provision for actions in which the party
> entitled to bring an action which survives by law dies before
> bringing the action tolls the one-year period of limitation for
> bringing an action against an insurer for payment of automo-

REFERENCES FOR POINTS IN HEADNOTE

7 Am Jur 2d, Automobile Insurance § 344.

Validity and construction of "no-fault" automobile insurance plans.
    42 ALR3d 229.

bile no-fault personal protection benefits (MCL 500.3145[1], 600.5852; MSA 24.13145[1], 27A.5852).

*C. Robert Beltz,* for plaintiff.

*Gault, Davison, Bowers & Hill* (by *Guy H. Hill),* for defendant.

Before: R. M. MAHER, P.J., and BRONSON and R. J. SNOW,* JJ.

PER CURIAM. Plaintiff appeals by right the grant of a partial accelerated judgment on his claim for no-fault personal injury protection (PIP) benefits. MCL 500.3101 *et seq.;* MSA 24.13101 *et seq.*

The trial judge held that the limitation period contained in MCL 500.3145(1); MSA 24.13145(1) is not tolled by the death of the person entitled to PIP benefits under the act. We disagree. The minority and insanity tolling provisions, MCL 600.5851(1); MSA 27A.5851(1), affect the limitation period in MCL 500.3145(1); MSA 24.13145(1). *Geiger v Detroit Automobile Inter-Ins Exchange,* 114 Mich App 283; 318 NW2d 833 (1982) (minority); *Rawlins v Aetna Casualty & Surety Co,* 92 Mich App 268, 274-277; 284 NW2d 782 (1979) (minority); *Hartman v Ins Co of North America,* 106 Mich App 731; 308 NW2d 625 (1981) (insanity). Reason dictates that the death saving provision, MCL 600.5852; MSA 27A.5852, be treated the same and we so hold.

The trial judge also held that plaintiff could not recover any loss incurred more than one year prior to the commencement of this action. Plaintiff argues that the death tolling provision also affects this limitation. In a closely analogous case involving the minority saving provision, this Court held:

---

* Circuit judge, sitting on the Court of Appeals by assignment.

"The purpose of the one-year period of limitations is to encourage claimants or persons acting on their behalf to bring their claims to court while those claims are still fresh. *Burns v Auto-Owners Ins Co*, 88 Mich App 663; 279 NW2d 43 (1979); *Aldrich v Auto-Owners Ins Co*, 106 Mich App 83; 307 NW2d 736 (1981). The 'one-year back' portion of § 3145(1) has a similar policy.

"In *Rawlins v Aetna Casualty & Surety Co, supra,* this Court held that RJA § 5851 applied to the one-year period of limitations in § 3145(1). The basis for the minority saving provision and the decision in *Rawlins* is that a person should not lose his claim during his minority, when he has no legal capacity to act on his own behalf. We believe that the *Rawlins* rule should also apply to the 'one-year back' portion of § 3145. A contrary rule would severely limit the utility of the minority saving provision and could deprive a person of benefits to which he would otherwise be rightfully entitled. In the present case, James Geiger, injured at the age of 16, incurred substantial medical expenses over the 2 years following the accident. He commenced this action approximately two weeks before his nineteenth birthday. Although his right to commence the action is preserved under *Rawlins, supra,* if we do not apply the minority saving provision to the 'one-year back' rule of § 3145, plaintiff would be effectively precluded from recovering PIP benefits for the medical expenses incurred during the two years immediately following the accident. In order to advance the policy of RJA § 5851 and *Rawlins, supra,* we conclude that an insured who is injured during his minority and commences an action before his nineteenth birthday is entitled to collect PIP benefits for expenses and losses incurred from the date of the accident." *Geiger, supra,* pp 290-291.

We think the decision of the *Geiger* Court was a well-reasoned one; clearly, the same rationale applies here. We hold that the death tolling provision must be given effect when the "one-year back" limitation on recovery, MCL 500.3145(1); MSA 24.13145(1), is considered.

Because of our disposition of this issue, it is unnecessary to address the issue of notice raised by defendant on cross-appeal.

Reversed and remanded. Costs to plaintiff.