TAULBEE v MOSLEY

Docket No. 61916. Submitted December 16, 1982, at Detroit.—Decided July 7, 1983. Leave to appeal applied for.

Mary A. Taulbee, personal representative of the estate of Perri L. Redman, deceased, brought an action for the wrongful death of Redman against Alan Mosley, Patrick Kelly, Mid-Century Insurance Company, and C & M Discount Company. Redman had been killed in an automobile accident on October 11, 1979, when riding in a car driven by Mosley and owned by Kelly. Two consent judgments were entered in plaintiff's favor on June 9, 1981. At that time plaintiff moved to add Farmers Insurance Exchange as a defendant, claiming that she had just recently learned that Farmers was Mosley's insurer for automobile no-fault benefits. Plaintiff was allowed to add Farmers, and Farmers was thereafter granted an accelerated judgment on the basis of the one-year statutory period of limitation on actions for recovery of no-fault benefits, Oakland Circuit Court, Gene Schnelz, J. Plaintiff appeals, alleging that the initiation of a suit against the insured driver within a year of the accident was sufficient notice to the driver's insurer. *Held:*

1. Commencement of the action against one party does not toll the statute of limitations against other potential defendants where the plaintiff alleges a lack of knowledge of the identity of an unnamed tortfeasor.

2. The one-year limitation period is tolled by the death of the person entitled to no-fault personal injury protection benefits. The tolling provisions also affect the "one-year-back" limitation on those benefits.

Reversed and remanded.

MacKenzie, J., dissented. The issue of the tolling of the statute by the death of the decedent was not raised by the parties and she declined to rely on only one previous decision of

REFERENCES FOR POINTS IN HEADNOTES
[1] 51 Am Jur 2d, Limitation of Actions § 232.
[2] 7 Am Jur 2d, Automobile Insurance §§ 348, 363.
44 Am Jur 2d, Insurance § 1876 *et seq.*

the Court of Appeals without benefit of briefs or argument. She would affirm.

1. LIMITATION OF ACTIONS — UNNAMED DEFENDANTS — LACK OF KNOWLEDGE.

Commencement of an action against one party does not toll the statute of limitations against other potential parties who have not been named as defendants in the action even where the plaintiff alleges a lack of knowledge of the identity of the unnamed tortfeasor.

2. LIMITATION OF ACTIONS — INSURANCE — NO-FAULT BENEFITS — TOLLING OF STATUTE.

The statutory tolling provision for actions in which the party entitled to bring an action which survives by law dies before bringing the action tolls the one-year period of limitation for bringing an action against an insurer for payment of automobile no-fault personal protection benefits; the "one-year-back" limitation on benefits is also affected by the tolling provision (MCL 500.3145[1], 600.5852; MSA 24.13145[1], 27A.5852).

*Counard, Kevelighan & VanHouten, P.C.* (by *Thomas E. Davis),* for plaintiff.

*Harvey, Kruse, Westen & Milan, P.C.* (by *Larry W. Davidson),* for Farmers Insurance Exchange.

Before: CYNAR, P.J., and N. J. KAUFMAN and MacKENZIE, JJ.

PER CURIAM. Plaintiff appeals from an accelerated judgment under GCR 1963, 116.1(5) entered on October 30, 1981. The judgment was entered on the motion of defendant Farmers Insurance Exchange (Farmers) on the ground that the limitation period in MCL 500.3145; MSA 24.13145 had expired before Farmers had been given notice of the claim.

The facts are not in dispute. On October 11, 1979, Perri Lynn Redman was killed in an automobile accident. She had been riding in a car driven by Alan Mosley and owned by Patrick

Kelly. Plaintiff was appointed as the personal representative of the Redman estate on April 23, 1980. On May 1, 1980, plaintiff filed suit on behalf of the Redman estate, naming as defendants Mosley, Kelly, C & M Discount Company (a dramshop defendant), and Mid-Century Insurance Company (Kelly's insurer). Although the other defendants answered promptly, defendants Mosley and Kelly did not file an answer until March 4, 1981.

On June 9, 1981, two consent judgments were entered in plaintiff's favor. One judgment, entered against defendants Mosley, Kelly and C & M Discount Company, was for the sum of $60,000, apportioned among the three defendants. The other judgment was entered for $3,500 against defendant Mid-Century Insurance Company.

Also on June 9, 1981, plaintiff moved to add Farmers as a defendant, seeking a balance of $1,500 in personal injury protection benefits unrecovered in the consent judgments. Farmers does not dispute this figure. Plaintiff claimed to have learned only in March, 1981, that Farmers was Mosley's insurer. The motion was granted on June 10, 1981, and plaintiff filed an amended complaint on June 11, 1981. Farmers moved for accelerated judgment, claiming to have first received written notice of Redman's death on February 25, 1981, and claiming to have received no written notice of a claim until plaintiff's motion to add it as a defendant on June 9, 1981.

Plaintiff argues that the initiation of a suit against the insured driver within one year of the accident is sufficient notice to the driver's insurer under MCL 500.3145(1); MSA 24.13145(1).

This Court has held that, when an action is commenced against one party, the statute of limitations is not tolled against other potential parties

who have not been named as defendants in the suit. *Matti Awdish, Inc v Williams,* 117 Mich App 270, 277; 323 NW2d 666 (1982). Although this rule is not absolute, see *Cobb v Mid-Continent Telephone Service Corp,* 90 Mich App 349; 282 NW2d 317 (1979), this Court has applied it to cases in which the plaintiff has argued a lack of knowledge regarding the identity of an alleged tortfeasor. *Lefever v American Red Cross,* 108 Mich App 69, 73; 310 NW2d 278 (1981); *Reiterman v Westinghouse, Inc,* 106 Mich App 698, 704; 308 NW2d 612 (1981); *Thomas v Ferndale Laboratories, Inc,* 97 Mich App 718, 722; 296 NW2d 160 (1980). We are not persuaded in this case by plaintiff's argument that, as long as the action is brought and notice is given as quickly as possible, the purposes of the no-fault statute are fulfilled.

We would affirm the accelerated judgment if our opinion rested solely on the arguments concerning notice to the insurer. In the interests of justice, however, we must address an issue more critical to plaintiff's cause of action, *i.e.,* whether the limitation period contained in MCL 500.3145(1); MSA 24.13145(1) is tolled by the death of the person entitled to personal injury protection benefits under the no-fault statute.

The minority and insanity tolling provisions of MCL 600.5851(1); MSA 27A.5851(1) affect the limitation period in MCL 500.3145(1); MSA 24.13145(1). See *Geiger v Detroit Automobile Inter-Ins Exchange,* 114 Mich App 283, 288-289; 318 NW2d 833 (1982) (minority); *Rawlins v Aetna Casualty & Surety Co,* 92 Mich App 268, 274-277; 284 NW2d 782 (1979) (minority); *Hartman v Ins Co of North America,* 106 Mich App 731, 743-744; 308 NW2d 625 (1981), *lv den* 414 Mich 890 (1982) (insanity). Logic dictates that the death saving

provision of MCL 600.5852; MSA 27A.5852 be treated the same, and we so hold as did another panel of this Court in *Epps v Transit Casualty Co,* 120 Mich App 279; 327 NW2d 321 (1982).

We also hold that the death tolling provisions must be given effect when the "one-year-back" limtiation on recovery is considered. MCL 500.3145(1); MSA 24.13145(1). We are persuaded by *Rawlins, Geiger,* and *Epps* that a contrary rule would severely limit the utility of the death saving provision and could deprive the estate of a deceased of benefits to which it would otherwise be rightfully entitled.

Because of our disposition on the death saving provision, we reverse the lower court's grant of accelerated judgment and remand this matter for proceedings consistent with this opinion.

MacKENZIE, J. *(dissenting).* I respectfully dissent. The majority relies on *Epps v Transit Casualty Co,* 120 Mich App 279; 327 NW2d 321 (1982), to hold that the statute of limitations was tolled here by MCL 600.5852; MSA 27A.5852. This issue was not raised by the parties and I decline to rely on *Epps* without benefit of briefs or argument.

I would affirm.