ALICE M. BATCHELDER, Circuit Judge,
concurring.
I agree with the lead opinion as to the Estate’s equitable tolling and bad faith breach of an insurance contract claims. And while I agree that we should affirm the district court’s decision, I would do so on the basis of harmless error.
Michigan’s No Fault Benefits Act provides that “the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced. ” Mich. Comp. Laws § 500.3145(1) (emphasis added). This one-year-back rule serves as a limitation on the claimant’s recovery of no fault benefits. The Estate commenced this action on March 15, 2002. Under the one-year-back rule, the Estate could recover damages for losses incurred from March 15, 2001, to March 15, 2002. Alger had already passed away at this point and could not incur any loss during this year period. The plain language of the statute precludes the Estate from pursuing any damages. While Michigan’s death savings statute extended the time period during which the Estate could file an action for no fault benefits, the death savings statute did not toll the one-year-back rule.
Recently, the Michigan Supreme Court held that the Michigan’s minority and insanity tolling provision did not have any impact on § 500.3145(1)’s one-year-back rule. See Cameron v. Auto Club Ins. Ass’n, 476 Mich. 55, 718 N.W.2d 784 (2006).
By its unambiguous terms, MCL 600.5851(1) [Michigan’s minority/insanity tolling statute] concerns when a minor or person suffering from insanity may “make the entry or bring the action.” It *665 does not pertain to the damages recoverable once an action has been brought. MCL 600.5851(1) then is irrelevant to the damages-limiting one-year-back provision of MCL 500.31)5(1). Thus, to be clear, the minority/insanity tolling provision in MCL 600.5851(1) does not operate to toll the one-year-back rule of MCL 500.3145(1).
Id. at 789 (emphasis added). In two earlier decisions, the Michigan Court of Appeals concluded that the death savings statute tolled the one-year-back rule. See, e.g., Epps v. Transit Cas. Co., 120 Mich. App. 279, 327 N.W.2d 321, 322-23 (1982); Taulbee v. Mosley, 127 Mich.App. 45, 338 N.W.2d 547, 548 (1983). The court, however, reasoned that because the minority and insanity tolling statute tolled the one-year-back rule so should the death savings statute. Id. I believe that if the Michigan Supreme Court were to address this issue today, it would conclude that the death savings statute cannot toll the one-year-back rule for the same reasons that the minority and insanity tolling provision cannot toll the one-year-back rule.
Because the one-year-back rule bars the Estate’s no fault claim, the parties would not have proceeded to trial and the district court would not have addressed the pretrial issues raised by the parties. It is therefore immaterial whether the district court properly or improperly dealt with the pretrial motions.
While Michigan’s one-year-back rule bars the Estate from seeking recovery for any losses incurred outside of the year prior to filing suit, the district court’s error in permitting the no fault claim to proceed to trial was harmless error. The Estate, as the appellant, suffered no harm because of the error and in fact enjoyed a windfall — it received an award on a claim which Michigan law bars. State Farm failed to appeal the district court’s decision on the no fault claim and failed to appeal the jury verdict. State Farm waived any argument that it suffered harm to a substantial right. See 28 U.S.C. § 2111 (“On the hearing of any appeal or writ of certiorari in any case, the court shall give judgment after an examination of the record without regard to errors or defects which do not affect the substantial rights of the parties.”). While the district court made a legal error, the error does not affect the substantial rights of the parties, and therefore, the error provides no basis for reversal.