MARILYN Kelly, J.
(dissenting). Today’s decision is this Court’s third ruling on the same issue in six years. Yet nothing accounts for its going back and forth on the issue — no new or revised legislation or social upheaval — except changes in the composition of the Court itself.
The majority overrules Univ of Mich Regents v Titan Ins Co[1] and reinstates the rule from Cameron v Auto Club Ins Ass’n.[2] Cameron changed 25 years of settled law[3] and held that the saving provision in MCL 600.5851(1) for minors and insane persons does not preclude the application of the one-year-back rule in MCL 500.3145(1). I authored the majority opinion in Regents and continue to believe that it correctly decided this issue. Thus, I would reaffirm our decision in Regents and respectfully deplore its demise.
Contrary to the majority’s conclusion, MCL 600.5851(1) is not “entirely silent with regard to the amount of damages recoverable once an action has been brought.”[4] Rather, as I stated in Regents-.
MCL 600.5851(1) does not create its own independent cause of action. It must be read together with the statute under which the plaintiff seeks to recover. In no-fault cases, for example, MCL 600.5851(1) must be read together with *224 MCL 500.3145(1). Doing so, the statutes grant infants and incompetent persons one year after their disability is removed to “bring the action” “for recovery of personal protection insurance benefits ... for accidental bodily injury----” On the basis of its language, MCL 600.5851(1) supersedes all limitations in MCL 500.3145(1), including the one-year-back rule’s limitation on the period of recovery[5]
The majority correctly asserts that our decisions predating Cameron recognized that MCL 500.3145(1) contains two limitations on the time for filing suit and one limitation on the period of recovery.[6] It attempts to use that uncontroversial point, however, to characterize Cameron as an uncontroversial, predetermined, and straightforward application of our precedent. The characterization is inaccurate.
The significant point is that Cameron was the first decision in which this Court recognized the distinction between the limitations in MCL 500.3145(1) and applied them differently. In so doing, the Cameron majority upended 25 years of settled law and drew a distinction that even the defendant did not initially ask it to draw.[7] These simple facts call into doubt the majority’s contentions that Cameron was “compelled to overrule nonbinding precedent”[8] and that Regents “ignored the *225 Legislature’s clear and unambiguous directiveQ in MCL 500.3145(1) . . . .”[9] If the Legislature’s directive were truly so clear and unambiguous, why did the prevailing interpretation of MCL 500.3145(1) go unchallenged for nearly 25 years?
As observed by the dissenting opinions in Cameron, the majority’s interpretation of MCL 600.5851(1) and MCL 500.3145(1) in Cameron and this case tends toward the absurd.[10] That the Legislature wanted to grant a minor or insane person the right to prove his or her damages in a court of law while lacking any opportunity *226 to be awarded them defies common sense. Yet under the Cameron regime restored today, many claims supposedly “saved” by MCL 600.5851(1) will be disposed of in precisely that fashion.[11] This result creates a false promise. I cannot conclude that the Legislature intended such a promise.
I dissent from the majority’s decision to overrule Regents and reinstate the rule from Cameron that MCL 600.5851(1) does not preclude application of the one-year-back rule in MCL 500.3145(1). I would hold that MCL 600.5851(1) saves a minor or insane person’s “claim,” which includes the right to recover all of his or her personal protection insurance benefits.
CAVANAGH and HATHAWAY, JJ., concurred with MARILYN Kelly, J.

 Univ of Mich Regents v Titan Ins Co, 487 Mich 289; 791 NW2d 897 (2010).

 Cameron v Auto Club Ins Ass’n, 476 Mich 55; 718 NW2d 784 (2006).

 See Geiger v DAIIE, 114 Mich App 283; 318 NW2d 833 (1982).

 Ante at 209.

5 Regents, 487 Mich at 298.

 See ante at 207, citing Devillers v Auto Club Ins Ass’n, 473 Mich 562, 574; 702 NW2d 539 (2005), and Welton v Carrier Ins Co, 421 Mich 571, 576; 365 NW2d 170 (1984).

 See Cameron, 476 Mich at 88-90 (Cavanagh, J., dissenting) (noting that the defendant initially argued that MCL 600.5851(1) should not apply to any of the limitations in MCL 500.3145(1), but that the defendant eventually devised the alternative argument that, even though MCL 600.5851(1) saved the plaintiffs right to file suit, the one-year-back rule nevertheless prevented the plaintiff from recovering any damages that were incurred more than a year before the date of filing suit).

 Ante at 210 n 26. The majority also repeats a theme originating from Justice Markman’s concurrence in Rowland v Washtenaw Co Rd Comm, *225 477 Mich 197, 226; 731 NW2d 41 (2007) (Makkman, J., concurring), that “not all precedents are built alike” because some are “better reasoned.” See ante at 210-211 n 26.1 have no doubt the majority believes that all of its decisions overruling previous cases are better reasoned than its predecessors’; otherwise, overruling those cases would seem foolish indeed. But any establishment of a hierarchy of precedents is inherently flawed because whether one decision is better reasoned than another is “undoubtedly in the eye of the beholder.” Regents, 487 Mich at 303 n 28. Given the subjective nature of this “better reasoned” inquiry, such an approach would serve no purpose other than to shield the majority’s allegedly better-reasoned precedents from scrutiny.
The majority claims that this inquiry is not subjective because, given that Cameron focused principally on the statute’s language, not “policy considerations,” it is objectively “better reasoned” than Geiger. Even accepting the majority’s characterization, this assertion is flawed. An objective person reading an absurd decision that is based on a seriously strained reading of statutory language (Cameron) might reasonably find a contrary decision primarily focused on “policy considerations” (Geiger) to he “better reasoned.” The majority’s disdain for policy considerations in favor of a focus on statutory language that it inevitably determines is “clear and unambiguous” — even when it is not — does not an objective determination make.
Finally, it appears that, unlike the majority, the Legislature did not consider Geiger to be “premised on a faulty legal analysis.” Ante at 210 n 26. It did not supersede Geiger by amending the applicable statutes from 1982 to 2006.

 Ante at 218.

 Cameron, 476 Mich at 103 n 12 (Cavanagh, J., dissenting); id. at 109-130 (Kelly, J., dissenting).

 The majority’s response to this obvious absurdity is that it wiil “only” occur if the injured person has suffered no losses in the year preceding the filing of the action. The majority’s speculation that this result will occur “only” in some circumstances does nothing to undercut its absurdity. And it will provide cold comfort for those caught in this judicially created trap.