KELLY, C.J.
We examine whether MCL 600.5821(4), which preserves state entities’ rights to bring certain claims, also preserves the right to seek recovery of all damages incurred notwithstanding the one-year-back rule of MCL 500.3145(1). We hold that MCL 600.5821(4) exempts the state entities it lists from the *293 one-year-back rule. As a consequence, we overrule Liptow v State Farm Mut Auto Ins Co,[1] which held to the contrary, and reverse the judgment of the Court of Appeals. We also overrule Cameron v Auto Club Ins Ass’n,[2] on which the Liptow decision relied exclusively in reaching its conclusion.
FACTS AND PROCEDURAL HISTORY
Nicholas Morgan was severely injured in an automobile accident in March 2000. He was treated at the University of Michigan Health System for six days. Less than one year after the accident, Morgan sought personal protection insurance benefits through the Michigan Assigned Claims Facility (MACF). Because he was not covered under a no-fault insurance policy, the MACF designated Titan Insurance Company as the servicing insurer for his claims. In January 2006, the University of Michigan Health System and the university’s regents filed this lawsuit against Titan, seeking payment from defendant for Morgan’s medical treatment. Plaintiffs sought reimbursement of the full cost of Morgan’s hospitalization, which they alleged was $69,957.19.
Defendant moved for summary disposition, arguing that the one-year-back rule of MCL 500.3145(1)[3] barred plaintiffs from recovering the claimed damages. Plaintiffs countered that MCL 600.5821(4)[4] allows the state and its political subdivisions to file suit without limita *294 tion and entirely supersedes MCL 500.3145(1). They asserted that MCL 600.5821(4) exempts certain suits brought by public entities from “the statute of limitations” and allows initiation of such actions “at any time without limitation, the provisions of any statute notwithstanding.” The trial court agreed with defendant and dismissed the suit.
On appeal, the Court of Appeals affirmed in a divided decision.[5] The majority concluded that, under MCR 7.215(J)(1), it was bound to follow the Liptow decision and uphold the trial court. Judge DAVIS agreed that Liptow was controlling, but opined that it had been wrongly decided and that the Court should convene a conflict panel pursuant to MCR 7.215(J)(2) and (3). Initially, we denied leave to appeal,[6] but on reconsideration, we vacated the denial order, granted reconsideration, and granted leave to appeal.[7]
MCL 600.5851(1) — THE MINORITY/INSANITY PROVISION
An analysis of this Court’s rulings on the issues implicated in this case naturally begins with Lambert v *295 Calhoun,[8] Lambert held that MCL 600.5851(1)[9] preserves a claim by a minor or incompetent person even though the statute of limitations in the act under which the claim is brought bars the action.
Four years later, the Court of Appeals in Rawlins v Aetna Cas & Surety Co followed Lambert.[10] It held that MCL 600.5851(1) preserves a no-fault claim by a minor even though it would otherwise be barred by the limitations period in the no-fault act.
Shortly after, in Geiger v Detroit Auto Inter-Ins Exch,[11] the Court of Appeals held that MCL 600.5851(1) preserves a claim by a minor or incompetent person for personal protection insurance benefits even though it would otherwise be barred by the one-year-back rule. Geiger remained the prevailing law in this state for the next 24 years.
CAMERON AND LIPTOW
In 2006, in Cameron, this Court overruled Geiger in a 4 to 3 decision. The majority held that the minority/insanity provision in MCL 600.5851(1) did not remove the plaintiffs claim from application of the one-year-back rule. The analysis stated:
*296 By its unambiguous terms, MCL 600.5851(1) concerns when a minor or person suffering from insanity may “make the entry or bring the action.” It does not pertain to the damages recoverable once an action has been brought. MCL 600.5851(1) then is irrelevant to the damages-limiting one-year-back provision of MCL 500.3145(1). Thus, to be clear, the minority/insanity tolling provision in MCL 600.5851(1) does not operate to toll the one-year-back rule of MCL 500.3145(l).[12]
Accordingly, the majority held that a statute governing when a party may bring an action does not affect the damages recoverable under the one-year-back rule.
In Liptow, the Court of Appeals examined the interplay of the one-year-back rule and MCL 600.5821(4). Relying solely on Cameron, it stated:
Thus, the pertinent question is whether the damages-limiting portion of MCL 500.3145(1), the one-year-back rule, limits the [claimant’s] recovery. This Court’s ruling in Univ of Michigan Regents [v State Farm Mut Ins Co, 250 Mich App 719, 733; 650 NW2d 129 (2002)] is of no assistance in this determination. The issue appears to be one of first impression.
MCL 600.5821(4) provides that actions brought by the state or its subdivisions to recover the cost of maintenance, care, and treatment of persons in state institutions “are not subject to the statute of limitations and may be brought at any time without limitation, the provisions of any statute notwithstanding.” We conclude that, by the plain import of this language, the Legislature intended to exempt the state from statutes of limitations when bringing an action to recover public funds. The language refers to statutes of limitations and provides that an action may be brought at any time. But the statute does not address damage limitation provisions or any other limiting provisions. In other words, like the minority tolling provision, MCL 600.5821(4) concerns the time during which the state *297 may bring an action; it “does not pertain to the damages recoverable once an action has been brought.” Cameron, supra, 476 Mich at 62. Accordingly, we conclude that MCL 600.5821(4), like the minority tolling provision of MCL 600.5851(1), does not operate to toll the one-year-back rule of MCL 500.3145(1). Cameron, supra, 476 Mich at 61-62. Therefore, we hold that defendant is liable to the [claimant] only for costs it incurred for [the patient’s] care, maintenance, and treatment in state institutions within one year before the filing of the complaint.[13]
ANALYSIS
This case presents questions of statutory interpretation that are reviewed de novo.[14]
No party disputes that MCL 600.5821(4) preserves plaintiffs’ right to bring the instant cause of action. The question before us is whether MCL 500.3145(1) restricts plaintiffs’ recovery to damages incurred one year before plaintiffs filed suit. The answer turns on the correct understanding of the interaction between MCL 500.3145(1) and MCL 600.5821(4). It is undisputed that all of plaintiffs’ costs were incurred between March 18 and March 23, 2000. Thus, if the one-year-back rule applies to their claim, plaintiffs are entitled to no damages.
Defendant relies on Liptow, which held that the one-year-back rule governs actions to which MCL 600.5821(4) applies because that statute does not exempt state entities from its limitation on damages. We disagree.
Defendant’s argument and the holding in Liptow rest on a fundamentally incorrect premise. Liptow reasoned *298 that (1) MCL 600.5821(4) exempts state entities from any statute of limitations, (2) the one-year-back rule of MCL 500.3145(1) is not a statute of limitations, but a damages limitation, and therefore (3) MCL 600.5821(4) does not exempt a governmental entity from the one-year-back-rule of MCL 500.3145(1).[15] This premise is derived from our decision in Cameron. Therefore, we are required to revisit Cameron’s analysis.
The Cameron majority concluded that actions brought pursuant to MCL 600.5851(1) are subject to the one-year-back rule because that statute does not implicate when a plaintiff may “bring an action.” We conclude that the statutory language in MCL 600.5851(1) and MCL 500.3145(1) does not command the conclusion that the Cameron majority reached.
To begin with, we conclude that the approach in Cameron was flawed because it read the statutory language in isolation. MCL 600.5851(1) does not create its own independent cause of action. It must be read together with the statute under which the plaintiff seeks to recover. In no-fault cases, for example, MCL 600.5851(1) must be read together with MCL 500.3145(1). Doing so, the statutes grant infants and incompetent persons one year after their disability is removed to “bring the action” “for recovery of personal protection insurance benefits . . . for accidental bodily injury. . . .” On the basis of its language, MCL 600.5851(1) supersedes all limitations in MCL 500.3145(1), including the one-year-back rule’s limitation on the period of recovery.[16]
*299 For what purpose might a plaintiff “bring an action”? Surely not for the sole satisfaction of filing papers in court. A plaintiff brings a tort action to recover damages. Although the right to bring an action would be a hollow one indeed if a plaintiff could not recover damages, Cameron and Liptow limited a plaintiff to just that hollow right. Therefore, we restore the proper understanding of the interaction between MCL 600.5851(1) and the one-year-back rule. We hold that the “action” and “claim” preserved by MCL 600.5851(1) include the right to collect damages. As Justice CAVANAGH explained in his dissenting opinion in Cameron,
[t]he word “claim” has been discussed by this Court many times over the past century. For instance, in Allen v Bd of State Auditors, 122 Mich 324; 81 NW 113 (1899), this Court noted the following definition of the word “claim”: “ ‘[A] demand of a right or alleged right; a calling on another for something due or asserted to be due; as, a claim of wages for services.’ ” Id. at 328, citing Cent Dict. In In re Chamberlain’s Estate, 298 Mich 278; 299 NW 82 (1941), this Court explained that “ ‘[t]he word “claims” is “by authorities generally construed as referring to demands of a pecuniary nature and which could have been enforced against the deceased in his lifetime.” ’ ” Id. at 285, quoting In re Quinney’s Estate, 287 Mich 329, 333; 283 NW 599 (1939), quoting Knutsen v Krook, 111 Minn 352, 357; 127 NW 11 (1910). More recently, in CAM Constr v Lake Edgewood Condo Ass’n, 465 Mich 549, 554-555; 640 NW2d 256 (2002), this Court set forth the legal definitions of the term:
“ T. The aggregate of operative facts giving rise to a right enforceable by a court.... 2. The assertion of an existing right; any right to payment or to an equitable remedy, even if contingent or provisional.... 3. A demand for money or property to which one asserts a right.... [Black’s Law Dictionary (7th ed).]’ ”
*300 In short, then, a claim means a “demandD of a pecuniary nature,” a “right to payment,” and a “demand for money.”[17]

 Liptow v State Farm Mut Auto Ins Co, 272 Mich App 544; 726 NW2d 442 (2006).

 Cameron v Auto Club Ins Ass’n, 476 Mich 55; 718 NW2d 784 (2006).

 The one-year-back rule in MCL 500.3145(1) provides that “the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced.”

 MCL 600.5821(4) provides:
*294 Actions brought in the name of the state of Michigan, the people of the state of Michigan, or any political subdivision of the state of Michigan, or in the name of any officer or otherwise for the benefit of the state of Michigan or any political subdivision of the state of Michigan for the recovery of the cost of maintenance, care, and treatment of persons in hospitals, homes, schools, and other state institutions are not subject to the statute of limitations and may be brought at any time without limitation, the provisions of any statute notwithstanding.

 Univ of Mich Regents v Titan Ins Co, unpublished opinion per curiam of the Court of Appeals, issued June 5, 2008 (Docket No. 276710).

 Univ of Mich Regents v Titan Ins Co, 482 Mich 1074 (2008).

 Univ of Mich Regents v Titan Ins Co, 484 Mich 852 (2009). Our order also directed the parties to address whether Liptou) and Cameron were correctly decided.

 Lambert v Calhoun, 394 Mich 179; 229 NW2d 332 (1975).

 MCL 600.5851(1) states in part:
Except as otherwise provided in [MCL 600.5851(7) and (8)], if the person first entitled to make an entry or bring an action under this act is under 18 years of age or insane at the time the claim accrues, the person or those claiming under the person shall have 1 year after the disability is removed through death or otherwise, to make the entry or bring the action although the period of limitations has run.

 Rawlins v Aetna Cas & Surety Co, 92 Mich App 268; 284 NW2d 782 (1979).

 Geiger v Detroit Auto Inter-Ins Exch, 114 Mich App 283; 318 NW2d 833 (1982).

12 Cameron, 476 Mich at 62.

13 Liptow, 272 Mich App at 555-556.

 Dep’t of Agriculture v Appletree Mktg, LLC, 485 Mich 1, 7; 779 NW2d 237 (2010).

 See Cameron, 476 Mich at 62.

 Therefore, we also do not agree with Justice Markman’s criticism that we “discern the purpose of the statute from something other than its actual language . . . Post at 336.

17 Cameron, 476 Mich at 100 (Cavanagh, J., dissenting).