WEAVER, J.,
(concurring). I concur fully with and sign Justice HATHAWAY’S opinion. I write separately to note that by overruling the Court of Appeals’ decision in Fulton, we are not overruling precedent from this Court. Justice Young’s dissent, however, attempts to mislead the public into thinking that this Court is overruling such precedent by introducing a discussion of stare decisis into this case.
Justice YOUNG’s dissent lists 12 cases that have been overruled by this Court in the past 18 months. While Justice YOUNG may feel aggrieved by this Court overruling those 12 cases, amongst those cases were some of the most egregious examples of judicial activism that did great harm to the people of Michigan. Those decisions were made by the “majority of four,” including Justice YOUNG, under the guise of ideologies such as “textualism” and “judicial traditionalism.”
As I stated in my concurrence in Univ of Mich Regents v Titan Ins Co, 487 Mich 289, 311-313; 791 NW2d 897 (2010), I agree with the sentiment recently expressed by Chief Justice Roberts of the United States *514 Supreme Court in his concurrence to the decision in Citizens United v Fed Election Comm, 558 US _, _; 130 S Ct 876, 920; 175 L Ed 2d 753, 806 (2010), when he said that
stare decisis is neither an “inexorable command,” Lawrence v. Texas, 539 U. S. 558, 577 [123 S Ct 2472; 156 L Ed 2d 508] (2003), nor “a mechanical formula of adherence to the latest decision,” Helvering v. Hallock, 309 U. S. 106, 119 [60 S Ct 444; 84 L Ed 604] (1940)----If it were, segregation would be legal, minimum wage laws would be unconstitutional, and the Government could wiretap ordinary criminal suspects without first obtaining warrants. See Plessy v. Ferguson, 163 U. S. 537 [16 S Ct 1138; 41 L Ed 256] (1896), overruled by Brown v. Board of Education, 347 U. S. 483 [74 S Ct 686; 98 L Ed 873] (1954); Adkins v. Children’s Hospital of D. C., 261 U. S. 525 [43 S Ct 394; 67 L Ed 785] (1923), overruled by West Coast Hotel Co. v. Parrish, 300 U. S. 379 [57 S Ct 578; 81L Ed 703] (1937); Olmstead v. United States, 277 U. S. 438 [48 S Ct 564; 72 L Ed 944] (1928), overruled by Katz v. United States, 389 U. S. 347 [88 S Ct 507; 19 L Ed 2d 576] (1967).
Chief Justice Roberts further called stare decisis a “principle of policy” and said that it “is not an end in itself.” Id. at _; 130 S Ct at 920; 175 L Ed 2d at 807. He explained that “[i]ts greatest purpose is to serve a constitutional ideal — the rule of law. It follows that in the unusual circumstance when fidelity to any particular precedent does more to damage this constitutional ideal than to advance it, we must be more willing to depart from that precedent.” Id at _; 130 S Ct at 921; 175 L Ed 2d at 807. It appears that Justice YOUNG does not agree with Chief Justice Roberts.
The consideration of stare decisis and whether to overrule wrongly decided precedent always includes service to the rule of law through an application and *515 exercise of judicial restraint, common sense, and a sense of fairness — justice for all.[1]

 Justice Young’s apparent contempt for the common law and common sense can be seen in his 2004 article in the Texas Review of Law and Politics, where Justice Young stated:
Consequently, I want to focus my remarks here on the embarrassment that the common law presents — or ought to present — to a conscientious judicial traditionalist....
To give a graphic illustration of my feelings on the subject, I tend to think of the common law as a drunken, toothless ancient relative, sprawled prominently and in a state of nature on a settee in the middle of one’s genteel garden party. Grandpa’s presence is undoubtedly a cause of mortification to the host. But since only the most ill-bred of guests would be coarse enough to comment on Grandpa’s presence and condition, all concerned simply try ignore him. [Young, A judicial traditionalist confronts the common law, 8 Texas Rev L & Pol 299, 301-302 (2004).]