MARILYN Kelly, J.
(dissenting). As poet James Whit-comb Riley is said to have remarked, “When I see a bird that walks like a duck and swims like a duck and quacks like a duck, I call that bird a duck.” Riley’s quip is apropos to this case: when I see a thoroughfare that looks like a road and has signage like a road and is used by the public as a road, I call that thoroughfare a road.
Resolution of this case is straightforward. At issue is whether the Little Manistee Trail (the Trail) is a “highway” — or more pointedly, a road — for purposes of the governmental tort liability act (GTLA).[1] If the Trail is a “highway” as defined by MCL 691.1401(e), then the state is under a duty to maintain it in reasonable repair. If it is not a highway, the state has no such duty.
The majority holds that the Trail is not a highway and that defendants are entitled to summary disposition. It concludes that they have no liability to plaintiff because the highway exception to governmental immunity does not apply. In reaching this conclusion, the majority injects confusion into what should be a simple analysis. I dissent because I believe that all signs, figurative and literal, indicate that the Little Manistee Trail is a “highway” under the GTLA.
*226 FACTUAL BACKGROUND
The facts of this case are not in dispute. Plaintiff was riding an off-road vehicle (ORV) on the Little Manistee Trail in Lake County when she ran over some exposed boards partially buried in the traveled portion of the roadway. She was thrown from her ORV against a tree trunk, resulting in spinal injuries and paralysis.
The portion of the Trail on which plaintiffs accident occurred is designated as an “ORV route,” meaning that any motor vehicle licensed by the Secretary of State can operate on it. The vehicles permitted there include, but are not limited to, conventional cars, trucks, sport utility vehicles, ORVs, all-terrain vehicles, motorcycles, snowmobiles, semi-trucks, and tractor-trailers. Furthermore, the Trail has myriad signs that guide and direct traffic. Among them are stop signs, two-way-traffic signs, mixed-traffic signs, weight-limit signs, and curve/turn designations.[2]
After plaintiff was injured, she filed suit against the Department of Natural Resources (DNR) and the state of Michigan, alleging that they had failed to adequately maintain the Trail. Plaintiff theorized that, under the highway exception to governmental immunity, defendants had a duty to maintain the Trail in reasonable repair.[3] Defendants moved for summary disposition, arguing that the Trail is not a “highway” and that they have no duty to maintain it. The trial court denied the motion, ruling that the Trail is a “highway” under the GTLA. It reasoned that the act’s definition of “highway” specifically includes “trailways.” Because it is undisputed that the Little Manistee Trail is a trailway, defendants were under a duty to maintain it in reasonable repair.
*227 The Court of Appeals reversed the trial court.[4] It concluded that, although the Trail falls within the definition of “highway” in MCL 691.1401(e), the limited liability afforded by the highway exception to governmental immunity applies to all trailways. Thus, it held that the highway exception does not apply to plaintiffs suit.[5]
We granted plaintiffs application for leave to appeal.[6]
STANDARD OF REVIEW AND LEGAL BACKGROUND
We review de novo a trial court’s ruling on a motion for summary disposition.[7] This case involves a question of statutory interpretation, which we also review de novo.[8]
The GTLA provides immunity for governmental agencies. Under MCL 691.1407, governmental agencies[9] are generally immune from tort liability while engaged in the exercise or discharge of a governmental function unless an exception to this general rule applies.[10]
*228 The only exception germane to this appeal is the highway exception, MCL 691.1402, which provides in pertinent part:
(1). .. [E]ach governmental agency having jurisdiction over a highway shall maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel. A person who sustains bodily injury or damage to his or her property by reason of failure of a governmental agency to keep a highway under its jurisdiction in reasonable repair and in a condition reasonably safe and fit for travel may recover the damages suffered by him or her from the governmental agency.
Thus, it is important to determine if plaintiff was driving her ORV on a “highway” as that term is defined in the GTLA. The act provides at MCL 691.1401(e):
“Highway” means a public highway, road, or street that is open for public travel and includes bridges, sidewalks, trail-ways, crosswalks, and culverts on the highway. The term highway does not include alleys, trees, and utility poles.
However, this provision defines neither “road” nor “open for public travel.” We may therefore consult a dictionary for a further understanding of this language.[11]
Random House Webster’s College Dictionary defines “road” as “a long, narrow stretch with a leveled or paved surface, made for traveling by motor vehicle, carriage, etc.; street or highway.”[12] With respect to the phrase “open for public travel,” it defines “open” as, among other things, “without restrictions as to who *229 may participate^] accessible or available[.]”[13] “Public” is defined as “of, pertaining to, or affecting a population or a community as a whole[;] open to all persons[.]”[14] These dictionary definitions comport with the common understanding of a “highway” as used in MCL 691.1401(e), that is, a road, paved or otherwise, that is available for use by everyone.
ANALYSIS
The primary goal of statutory interpretation is to give effect to the Legislature’s intent, focusing on the language in the statute.[15] The language provides “ ‘the most reliable evidence’ ” of the Legislature’s intent,[16] and when construing a statute, a court must read the language in it as a whole.[17]
Considering these rules, as well as our traditional canons of statutory interpretation, I conclude that the Little Manistee Trail is a “highway” within the intent of the GTLA. First, it is a road that is open for public travel. It fits within the common understanding of a “road” because it is a leveled surface designed for travel by motor vehicles and maintained so as to be suitable for vehicular travel.[18] And although the Trail is not paved, a road need not be covered with concrete or asphalt to qualify as a road, given that the definition of *230 “road” includes “a leveled or paved surface . . . .”[19] Furthermore, it is undisputed that any motor vehicle properly licensed by the Secretary of State is permitted to travel on the Trail, subject to the applicable weight limitations marked on posted signs. Thus, the Trail satisfies the definition of “road” because it is a thoroughfare “made for traveling by motor vehicle . . . etc.[.]”[20]
I take strong exception to the majority’s claim that the Trail is not “made for traveling by motor vehicle [s].”[21] One need only consider the photographs in the Appendix to this opinion to see that the Trail was designed for extensive use by motor vehicles. The signage alerts Trail users to the presence of ORVs, automobiles, and 5-, 9-, and 15-ton trucks.
Second, the Trail is open for public travel. It is beyond question that it is open year-round. During spring, summer, and fall months, it is used by ORVs and motorcycles, as well as by cars, trucks, sport utility vehicles, and large semi-trucks. During winter months, it is also used by snowmobiles and motor vehicles to the extent weather conditions permit. No statutory prohibition limits its use to certain seasons or to a particular type of use. Consequently, the Little Manistee Trail is accessible to the general public and is open for public travel.
The majority asserts that the Trail’s “primary purpose and use is for recreational vehicles, and this purpose eclipses the highly limited use of the Trail by motor vehicles.”[22] It also claims that “[t]he recreational use of the Trail is so totally defining that we can easily *231 understand why no party .. . considered that the Trail might be a ‘road’ . . . .”[23] But defendant’s expert, on whose testimony the majority relies, stated that the Trail “is open to properly registered ORVs and street licensed vehicles.” This testimony answers the question of whether the Trail qualifies as a “road.” More importantly, it is immaterial to determining whether the Trail is a road if it is used more frequently by semi-trucks, ORVs, or pedestrians. Indeed, there is no statutory basis for distinguishing between primary and secondary uses of a road.[24] Accordingly, the majority has impermissibly overrun the Legislature’s definition of “highway” in MCL 691.1401(e) and replaced it with a judicially created “purpose of use” test.
Because the Trail is a “road” that is “open for public travel,” it is necessarily a “highway” as that term is defined in MCL 691.1401(e). The ramifications of this conclusion are clear: governmental agencies, in this case the DNR and the state of Michigan, have an affirmative duty to maintain it in such reasonable repair as to make it safe and convenient for public travel. To the extent the Court of Appeals held otherwise, it erred.[25]
*232 THE MAJORITY’S FLAWED ANALYSIS
The majority’s statutory interpretation is flawed. The first step in interpreting a statute is analyzing its language, a maxim that appears in virtually every statutory-interpretation-centric dispute before the Court.[26] Yet the majority’s attention to defining “highway” as used in the GTLA strays from the GTLA and travels to the Natural Resources and Environmental Protection Act (NREPA), MCL 324.101 et seq. And it engages in this expedition not to properly define or apply the term “highway,” but to define and apply the term “trailway.”[27] It does this notwithstanding the fact that the resolution of this case hinges on the meaning of “highway,” not the meaning of “trailway.”
*233 Under the GTLA, a “highway” is a “road . . . that is open for public travel.” As I have explained in detail earlier, that definition applies to the Little Manistee Trail, regardless of whether the Trail qualifies as a “trailway” in an unrelated act. The majority’s departure from the GTLA and foray into NREPA ignores its duty to first analyze the language of the statute that is at issue. And it is superfluous when the language of the GTLA can be straightforwardly applied, as in this case.
A second analytical maxim that guides us is that the Court must avoid a statutory interpretation that would render any part of a statute surplusage or nugatory.[28] In this regard, the first clause of MCL 691.1401(e) provides that a “highway” is “a public highway, road, or street that is open for public travel. . . .” The next clause indicates that “highways” include “bridges, sidewalks, trailways, crosswalks, and culverts on the highway.” Hence, a “road . . . that is open for public travel” is a “highway,” and so too are “bridges, sidewalks, [and] trail-ways ... on the highway.” Therefore, even if the Trail is not a “covered trailway,” as the majority concludes, it certainly is a road. The majority’s statutory interpretation glosses over the first clause of the statute and, in fact, renders it surplusage.
The majority counters this point with the assertion that my analysis renders the term “trailway” surplus-age. But the flaw in its argument is apparent from the outset when it concedes that a trailway only sometimes *234 falls within the definition of a “road.”[29] The Trail precisely fits within the majority’s definition of a “road.” It is a “trailway,” within the majority’s definition, that is open for public travel by motor vehicles. Thus, it at once satisfies the majority’s imported meaning of “trailway” and the definition we both agree upon of “road.” But because the Trail satisfies the majority’s definition of “trailway,” the majority renders “road” mere surplusage.
I agree with the majority that trailways that are not open for public travel by motor vehicles are not roads. Hence, my conclusion that the Trail is a “road” does not consume “trailways” in MCL 691.1401(e). Nor does it render the inclusion of “trailways” in that statute surplusage.
Similarly, the majority asserts that the GTLA makes clear that only certain trailways will be considered highways,[30] presumably those that run alongside a highway. But this reasoning begs the big question: Is the Trail a “trailway” or a “road” within the intent of the statute? If it qualifies as a “road,” as I have concluded, it is irrelevant that it does not run alongside a highway.
Finally, the majority claims that I “never even attempt[] to give meaning to ‘trailway’ ” and that my dissent is “entirely unresponsive to [its] opinion.”[31] I have noted that it serves no useful purpose to consider whether the Trail is a “trailway” as defined by an *235 unrelated act. I invite the reader to compare the straightforward analysis set forth in this dissent with the trail-to-nowhere approach of the majority opinion. It is the majority that disdains the language of the GTLA indicating that a “highway” is a “road . . . that is open for public travel.” This Court’s function is to give meaning to the words of a statute, but the majority fails to apply that principle to the most obvious meaning and application of “highway.” Instead of clarifying the law, the majority risks making the Court the “obfuscator of last resort.”[32]
CONCLUSION
In sum, this is a vanilla case of statutory interpretation that is easily resolved. MCL 691.1401(e) provides that a “highway” is a “road” that is “open for public travel.” The Little Manistee Trail satisfies this definition because it is a leveled surface designed for vehicular travel that is always accessible to the public. The majority “swerves and dodges”[33] the actual language of the statute and reaches an unsupportable conclusion to the contrary.[34]
I would reverse the judgment of the Court of Appeals and hold that the Little Manistee Trail is a “highway” within the meaning of MCL 691.1401(e).
Cavanagh and Hathaway, JJ., concurred with Marilyn Kelly, J.
*236 appendix
[[Image here]]
*237 appendix
[[Image here]]
*238 appendix
[[Image here]]

 MCL 691.1401 et seq.

 See the Appendix to this opinion; see also plaintiffs appendix filed in this appeal, pp 14-19.

 MCL 691.1402(1).

 Duffy v Dep’t of Natural Resources, unpublished opinion per curiam of the Court of Appeals, issued March 9, 2010 (Docket No. 289644).

 Id. at 3.

 Shay v Aldrich, 487 Mich 648, 656; 790 NW2d 629 (2010).

 Univ of Mich Regents v Titan Ins Co, 487 Mich 289, 297; 791 NW2d 897 (2010).

 MCL 691.1401(d) defines “governmental agency” as including the “state.” MCL 691.1401(c) defines “state” as “the state of Michigan and its agencies, departments, commissions, courts, boards, councils, and statutorily created task forces and includes every public university and college of the state .. ..” Thus, as the majority opinion correctly notes, both defendants are within the scope of the GTLA.

 The statutory exceptions to governmental immunity include (1) the “highway” exception, MCL 691.1402, (2) the “motor vehicle” exception, MCL 691.1405, (3) the “public building” exception, MCL 691.1406, (4) the “proprietary function” exception, MCL 691.1413, (5) the “governmental hospital” exception, MCL 691.1407(4), and (6) the sewage-disposal-system-event exception, MCL 691.1417.

 Duffy v Dep’t of Natural Resources, 488 Mich 861 (2010).

 Klooster v City of Charlevoix, 488 Mich 289, 304; 795 NW2d 578 (2011). See also MCL 8.3a, which provides that “[a]ll words and phrases shall be construed and understood according to the common and approved usage of the language ....”

 Random House Webster’s College Dictionary (2001).

 Id.

 Id.

 Sun Valley Foods Co v Ward, 460 Mich 230, 236; 596 NW2d 119 (1999).

 Id., quoting United States v Turkette, 452 US 576, 593; 101 S Ct 2524; 69 L Ed 246 (1981).

 People v Jackson, 487 Mich 783, 791; 790 NW2d 340 (2010).

 The photographs accompanying this dissent in the Appendix show that the Trail has been built for “mixed traffic,” including large trucks with multiple axles weighing up to 15 tons.

 Random, House Webster’s College Dictionary (2001) (emphasis added).

 Id.

 Ante at 213-214.

 Ante at 214.

 Ante at 214.

 The majority indicates that a statutory basis exists for distinguishing between the Trail’s primary and secondary uses when determining whether it is a “road.” Ante at 214 n 6. But it fails to cite the language on which it relies. In fact, there is no statutory language in MCL 691.1401(e); the rest of the GTLA; the Natural Resources and Environmental Protection Act (NREPA), MCL 324.101 et seq.; or any other act that allows the majority to draw this distinction.

 Contrary to the majority’s suggestion, I need not reach the issue of whether the Little Manistee Trail is a “trailway” within the definition of “highway” in MCL 691.1401(e). This is because the Trail is so clearly a “road” that is “open for public travel” and, thus, a highway. I do not consider the application of NREPA’s definition of “forest road,” see MCL 324.81101(f), for the same reason.
*232 The majority suggests that, by not defining “trailway,” I ignore the central issue in this case. Its position in this regard is remarkable, given that I have addressed an argument raised by the parties — one that the majority entirely ignores. The issue before us is not the definition of “trailway” in NREPA, but whether the Little Manistee Trail is a “highway” under the GTLA. Even assuming arguendo that the Trail is not a “covered trailway” as the majority concludes, it is a road and, thus, a “highway” under MCL 691.1401(e).
Furthermore, the majority’s preoccupation with the fact that the parties argued that the Trail is a “trailway” in the lower courts is also misplaced. This Court’s order granting leave to appeal requested that the parties address “whether the Little Manistee Trail is a ‘highway’ within the meaning of MCL 691.1401(e).” Duffy, 488 Mich at 861. Thus, because the definition of “highway” includes “road,” and plaintiff argued in this Court that the Trail is a “road,” the fact that the parties previously argued that it is a “trailway” is inconsequential.

 See, e.g., Briggs Tax Serv, LLC v Detroit Pub Sch, 485 Mich 69, 76; 780 NW2d 753 (2010).

 See part IV of the majority opinion. The majority relies on the language of NREPA even while it acknowledges that “this Court will not invariably borrow language or meaning from one statute in order to provide meaning to another when those statutes are not in pari materia . ...” Ante at 211-212.

 See, e.g., AFSCME v Detroit, 468 Mich 388, 399; 662 NW2d 695 (2003) (“[E]very word should he given meaning, and we should avoid a construction that would render any part of the statute surplusage or nugatory.”) (citations and quotation marks omitted).

 Ante at 216 (stating that trailways “will often fall within the broad definition of road”). This concession is hardly surprising. Most people would consider walking, hiking, or biking trails to he “trailways,” yet they would not be “roads” under the GTLA because they are not open for travel by motor vehicles.

 Ante at 217.

 Ante at 212.

 Michigan v Bryant, 562 US_,_; 131 S Ct 1143, 1168; 179 L Ed 2d 93, 121 (2011) (Scalia, J., dissenting).

 See People v Maxson, 482 Mich 385, 403; 759 NW2d 817 (2008) (Cavanagh, J., dissenting) (citation and quotation marks omitted).

 The majority’s proclamation that “[it] has little difficulty in concluding that the [Trail] is . . . not a ‘road,’ ” ante at 219, is inconsistent with the great lengths to which it goes to support its analysis.