# STATE OF MICHIGAN

# COURT OF APPEALS

REVIVE THERAPY,

        Plaintiff-Appellant,

v

STATE FARM MUTUAL INSURANCE COMPANY,

        Defendant-Appellee.

UNPUBLISHED
April 28, 2016

No. 324378
Washtenaw Circuit Court
LC No. 14-000059-NO

Before: TALBOT, C.J., and HOEKSTRA and SHAPIRO, JJ.

SHAPIRO, J. (*concurring*)

I disagree with my colleagues insofar as their analysis suggests that to lawfully practice massage therapy it was necessary to obtain a state license at a time when no means to obtain such a license existed, a situation that existed from January 9, 2009 until November 29, 2012. In my view, such an interpretation of the relevant statute violates the tenet that requires that we "construe statutes so as to avoid results glaringly absurd." *Armstrong Paint & Varnish Works v Nu–Enamel Corp,* 305 US 315, 333; 59 S Ct 191; 83 L Ed 195 (1938). As Justice MARKMAN has observed:

> The "absurd results" rule underscores that the ultimate purpose of the interpretative process is to accord respect to the judgments of the lawmakers. While it must be presumed that these judgments are almost always those reflected in the words used by the lawmakers, in truly extraordinary cases, exercise of the "judicial power" allows recognition of the fact that no reasonable lawmaker could conceivably have intended a particular result. [*Cameron v Auto Club Ins Ass'n,* 476 Mich 55, 79-80; 718 NW2d 784, 797-98 (2006) (MARKMAN, J., concurring), overruled by *Regents of Univ of Mich v Titan Ins Co*, 487 Mich 289; 791 NW2d 897 (2010), reinstated by *Joseph v Auto Club Ins Ass'n*, 491 Mich 200; 815 NW2d 412 (2012).]

In this case, the absurd-results tenet is consistent with the balance of the statute in which the Legislature created the Board of Massage Therapy, and then delegated to the Board and the Department of Public Health the responsibility to define the mechanisms by which such licenses could be obtained.

-1-

I concur in the result, nevertheless, for the reason set forth in footnote 3 of the majority opinion. It is undisputed that in this case massage licenses were available by the time the services in question were provided and that they could have been obtained by the relevant providers.

/s/ Douglas B. Shapiro